IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER EUBANKS,

        Petitioner,

v.                                  Civil Action No. 5:07CV153
                                    (Criminal Action No. 5:06CR33-02)
UNITED STATES OF AMERICA,                              (STAMP)

        Respondent.


                **MEMORANDUM OPINION AND ORDER
                AFFIRMING AND ADOPTING REPORT AND
                RECOMMENDATION OF MAGISTRATE JUDGE**

                       I.   Background

    The pro se[1] petitioner, Christopher Eubanks, entered a plea of guilty to one count of aiding and abetting the possession with intent to distribute cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2. The petitioner was sentenced to sixty-three (63) months of imprisonment and six (6) years of supervised release. Instead of pursuing a direct appeal, the petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.

    Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition

_____

    [1]"Pro se" describes a person who represents himself in a court proceedings without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

of this matter. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 petition be denied and dismissed because it is untimely. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review of the matters before it.

## III. Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 imposes is a one-year limitation period within which any federal habeas corpus motion must be filed:

The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 petition be denied. Specifically, the magistrate judge applied the statute of limitations to the present case and found that the petitioner failed to file his federal habeas petition in a timely manner. Rather, the magistrate judge found the petitioner's federal habeas petition untimely because the petitioner filed his federal habeas petition on November 27, 2007, twenty-four days after the petitioner's time to file a federal habeas petition expired on November 3, 2007.

In his objections to the magistrate judge's report and recommendation, the petitioner asserts that the magistrate judge erred in finding that the habeas petition was untimely filed for three reasons. First, the petitioner argues that the time limit had not expired under § 2255(4) because he could not have

3

discovered the facts supporting his claims through the exercise of due diligence until the Bureau of Prisons ("BOP") gave him access to his presentence investigation report on or about October 30, 2007. Second, the petitioner contends that the BOP's policy of restricting inmates' access to their presentence investigation reports should be construed under § 2255(2) as an impediment imposed by governmental action preventing the petitioner from filing his habeas petition in a timely manner. Finally, the petitioner urges this Court to find that the circumstances of his case warrant equitable tolling of the statute of limitations.

The petitioner's objections are without merit. As to his first argument, the petitioner ignores several facts demonstrating that the date on which the facts supporting his claim or claims occurred more than one year before he obtained access to the presentence investigation report through the BOP. Specifically, the petitioner received a copy of the presentence investigation report before his sentencing hearing on October 20, 2006. At that hearing, the petitioner stated under oath that he had reviewed the presentence report with his attorney and that his attorney had answered to the petitioner's satisfaction. Finally, on September 19, 2006, he filed objections to the presentence investigation report. Thus, this Court finds no merit to the petitioner's contention that pursuant to § 2255(4), his one-year time limit for filing his habeas petition did not begin to run until the BOP gave him access to his presentence report on or about October 30, 2007.

The petitioner's second argument, that the BOP's policy restricting access to presentence investigation report should be construed as a governmental impediment under § 2255(2), is equally unavailing. The petitioner cites no legal authority for this proposition, and this Court does not believe that § 2255(2) encompasses the BOP policy of which the petitioner complains.

Finally, this Court rejects the petitioner's argument that he is entitled to equitable tolling. A petitioner is entitled to equitable tolling only if shows "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). As to the requirement that the circumstances be beyond a petitioner's control or external to his own conduct, the petitioner also "bears the burden of establishing . . . that he has been pursuing his rights diligently." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, the petitioner must show both that the lack of access to his presentence investigation report was an extraordinary circumstance that caused him to file late and that he has acted diligently in pursuing his rights. He does not meet this burden. First, as noted above, the petitioner had already reviewed his presentence investigation report and was apprised of its contents

before his sentencing hearing on October 20, 2006. Second, even if the petitioner had not previously reviewed his presentence investigation report, he has alleged no facts showing that he acted with the requisite diligence. The petitioner alleges only that the BOP first gave him access to his presentence report on or about October 30, 2007. However, he fails to set forth the date on which he first requested such access or any other circumstances indicating that he has been diligently pursuing his rights. Thus, the petitioner fails to demonstrate that he is entitled to equitable tolling.

In sum, based upon a <u>de novo</u> review, this Court concludes that the petitioner's objections are groundless, and that the magistrate judge's recommendations concerning the petitioner's § 2255 petition should be affirmed and adopted.

## IV. <u>Conclusion</u>

For the reasons set forth above, the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's § 2255 petition is DENIED as untimely and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within

thirty days after the date that the judgment order in this case is entered.  See Fed. R. App. P. 4(a)(1).  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

    IT IS SO ORDERED.

    The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

    DATED:    July 1, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE